## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2018, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard E. Carter,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

November 14, 2018

Court of Appeals Case No.
18A-CR-1074

Appeal from the St. Joseph
Superior Court

The Hon. Jenny Pitts Manier,
Judge

Trial Court Cause No.
71D05-1706-CM-2784

**Bradford, Judge.**

# Case Summary

[1]    In June of 2017, Richard Carter ("Carter") and his wife Pamela attended a neighborhood barbeque, during which Pamela and Carter consumed alcohol and argued. Later, the argument became a physical altercation when Carter punched Pamela with a closed fist and "stomped" on her. The State charged Carter with Class A misdemeanor domestic battery and a jury found him guilty as charged. Carter contends that the State failed to present evidence sufficient to rebut his claim that he had acted in self-defense. Because we disagree, we affirm.

# Facts and Procedural History

[2]    On June 25, 2017, Pamela, her son Alvin Avance, and Carter attended a neighborhood barbeque in South Bend, during which Pamela and Carter consumed alcohol and argued. Avance took his daughter and left, and, approximately one hour later, a friend told Avance that he should check on Pamela at her home. Avance found Pamela on her bed, asking for help, and on the telephone, having called 911. Avance noticed that both of Pamela's eyes appeared to have been hit (with one almost swollen shut) and that she was disoriented and had trouble standing on her own. Pamela told Avance, "He hurt me, he hurt me, he hurt me." Tr. Vol. II p. 39.

[3]    South Bend Police Officer Matthew Ryan responded to Pamela's 911 call and arrived with Pamela still on the line. Officer Ryan arrived to find Carter,

Pamela, and Avance in the home and noticed that Pamela's left eye was almost swollen shut. When asked what had happened, Pamela explained to Officer Ryan that she began arguing with Carter when she returned from a store, apparently for failing to purchase him some cigarettes. The argument escalated, and Carter struck her in the face with a closed fist. Pamela fell to the ground, and Carter began "stomping" on her. Tr. Vol. II p. 72. At some point after Carter punched her, Pamela managed to scratch him on the face.

[4] On June 29, 2017, the State charged Carter with domestic battery. On March 2, 2018, a jury found Carter guilty as charged, and, on March 28, 2018, the trial court sentenced him to 355[1] days of incarceration.

# Discussion and Decision

[5] To convict Carter of domestic battery, the State was required to prove that he knowingly touched Pamela, a family or household member, in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1.3(a)(1). Carter does not deny striking Pamela but contends that the State failed to rebut his claim that he acted in self-defense:

> When a defendant challenges the State's sufficiency of the evidence to rebut a claim of self-defense, the standard of review remains the same as for any sufficiency of the evidence claim. We neither reweigh the evidence nor assess the credibility of

---

[1] The trial court indicated at Carter's sentencing hearing that his sentence was to be 365 days of incarceration, (Tr. Vol. II 159, 160), but the trial court's "Judgment Order" indicates that the sentence is 355 days. The State seems to concede that Carter's sentence is 355 days. (Appellee's Br. 4).

witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment.

Self-defense is recognized as a valid justification for an otherwise criminal act. When raised, a defendant must establish that he or she was in a place where he or she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. Whether the State has met its burden is a question of fact for the jury.

*Miller v. State*, 720 N.E.2d 696, 699–700 (Ind. 1999) (citations omitted).

[6]     Carter contends that he was without fault and struck Pamela out of reasonable fear for his safety. Officer Ryan, however, testified that Pamela told him that Carter was the initial aggressor and that she had scratched Carter only after he had punched her in the face with a closed fist and "stomped" on her. The jury was entitled to believe this evidence and conclude that Carter was the initial aggressor, and "[s]elf-defense […] is unavailable to a defendant who is the initial aggressor[.]"[2] *Id.* at 700. Carter points to his testimony that Pamela "got

---

[2] Indiana Code section 35-41-3-2(g) provides a limited exception to this general rule, namely, that "a person is not justified in using force if [the person is] the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." Carter does not claim, much less establish, that the altercation in this case fits within this scenario.

in [his] face[,] kind of went off on [him, and] scratched [him] in [his] face" before he used any force against her. Tr. Vol. II pp. 90, 92. The jury, however, was not required to credit this testimony and did not. Carter's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *Miller*, 720 N.E.2d at 699.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.